IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | NO. 3:19-cr-00064 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| ) | |
| JAMES LESTER KIMBRELL ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Have Sentenced Reduced to Time Served (Doc. No. 45, "Motion"), whereby Defendant seeks a reduction of his 8-month sentence to time served. The Court will construe Defendant's Motion as a motion to modify sentence brought pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). As grounds for the reduction of his sentence, Defendant cites the ongoing COVID-19 pandemic and his need to have surgery to remove a cataract in one eye that, according to Defendant, has blinded him in that eye.

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the Section 603(b)(1) First Step Act of 2018, P.L. 115-391, 132 Stat. 5239,[1] the district court may under certain circumstances grant a defendant's motion to modify sentence (for any defendant younger than 70 years old)[2] only if it finds extraordinary and compelling reasons to do so. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The

---

[1] That paragraph of Section 603 provides:

 (b) INCREASING THE USE AND TRANSPARENCY OF COMPASSIONATE RELEASE.—Section 3582 of title 18, United States Code, is amended—
 (1) in subsection (c)(1)(A), in the matter preceding clause (i), by inserting after ''Bureau of Prisons,'' the following: ''or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . .''

[2] This subparagraph provides an alternative ground for relief for defendants who are at least 70 years of age. *See* 18 U.S.C. § 3582(c)(1)(A). It is inapplicable here, however, because Defendant is only 53.

defendant bears the burden of showing that "extraordinary and compelling reasons" exist to justify release under the statute. *United States v. Hayward*, No. CR 17-20515, 2020 WL 3265358, at *1 (E.D. Mich. June 17, 2020). And the Court does not write on a clean slate in considering what qualifies as "extraordinary and compelling reasons."

Congress tasked the Sentencing Commission with promulgating "general policy statements regarding . . . the appropriate use of . . . the sentence modification provisions set forth in [section] 3582(c) of title 18. . . ." 28 U.S.C. § 994(a)(2)(C). Congress directed the Sentencing Commission, in promulgating these policy statements, to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In response to these congressional instructions, the Sentencing Commission promulgated U.S.S.G. § 1B1.13, and its application note, which collectively comprise the policy statement(s).

Practitioners of federal criminal law are accustomed to treating the Sentencing Commission's policy statements as advisory only (especially in the aftermath of *United States v. Booker*, 543 U.S. 220 (2005)). They are exactly that in the context of a defendant's original sentencing—but not in the context of a motion under Section 3582(c)(1)(A). In the latter context, they are by statute mandatory, inasmuch as Congress has prohibited courts from granting a sentencing reduction unless "such a reduction is consistent with applicable policy statements issued by" the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).[3]

---

[3] In *Booker*, the Supreme Court found unconstitutional (*i.e.*, violative of the Sixth Amendment) Congress's directive that the Sentencing Guidelines are generally what was referred to as "mandatory," meaning that sentence generally had to be imposed within the guideline range calculated using the Sentencing Guidelines. To say the least, this limited Congress's ability to make anything about the Sentencing Guidelines mandatory in the context of an original sentencing. But such limitations do not exists in the context of a motion for sentence reduction under Section 3582(c)(1)(A), wherein the Sixth Amendment concerns driving the *Booker* decision are entirely absent.

Together, U.S.S.G. § 1B1.13 and its application note primarily do two things. First, they define, in Application Note 1, "extraordinary and compelling circumstances" to apply in (and only in) situations falling within one or more of five separate and particular categories, which the Court discusses below. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)(i)-(ii), (B), (C) & (D).[4] Second, they prescribe additional requirements for obtaining a sentence reduction where the defendant does meet the threshold requirement of "extraordinary and compelling circumstances."[5] Specifically, for a defendant not yet 70 years old (such as Defendant), the court may reduce a sentence if (1) extraordinary and compelling reasons warrant a reduction, *and* (2) the defendant is not a danger to the safety of any other person or to the community, *and* (3) the reduction is consistent with the policy statement. *See* U.S.S.G. § 1B1.13(1)(A), (2) and (3). The Application Note indicates the third requirement may be redundant of the first two, inasmuch as it states that "any reduction made . . . for the reasons set forth in subdivisions (1) and (2) [*i.e.*, U.S.S.G. § 1B1.13(1) & (2)] is consistent with this policy statement." *Id.* at n.5.[6]

If the court does find these (two or three depending on how one looks at it) requirements satisfied, the defendant has met the basic eligibility for compassionate release. But even then, the Court does not automatically or necessarily grant the motion for a reduction; instead, it *may*, after

---

[4] The Application Note also contains various other instructions for considering whether extraordinary and compelling circumstances exist. Such instructions need not be discussed here, as they do not affect the Court's dispositive conclusion herein that Defendant has not established the existence of "extraordinary and compelling reasons."

[5] It is worth noting that these other requirements—being, after all, *requirements*—are mandatory. That is to say, a defendant is *not* eligible for compassionate release merely because there are "extraordinary and compelling reasons" within the meaning of Application Note 1.

[6] Like many redundancies, this one may seem odd due to its apparent unnecessariness. But it seems motivated by the valid desire to ensure that the Sentencing Commission's criteria for a sentencing reduction expressly both: (a) included the congressional requirement, discussed below, that any reduction be "consistent with applicable policy statements issued by" the Sentencing Commission; and (b) clarified that the required consistency involved nothing more than satisfaction of U.S.S.G. § 1B1.13(1) & (2).

considering the factors set forth in 18 U.S.C. § 3553(a), reduce the term of imprisonment (and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment). *See* 18 U.S.C. § 3582(c)(1)(A).

The (familiar) sentencing factors set forth in Section 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the . . .
> i) [United States Sentencing Guidelines, ("U.S.S.G.")]—
> ii) [in effect at the time of sentencing]
>
> (5) any pertinent policy statement—
> A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code; and
> B) [and in effect at the time of sentencing]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Relevant to factor number (5), as discussed above, the Sentencing Commission has issued a binding policy statement regarding reduction of a term of imprisonment under Section 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13. As further mentioned above, Application Note 1 to

U.S.S.G. § 1B1.13 speaks to what constitutes "extraordinary and compelling reasons," identifying five categories of situations where such reasons may be found to exist. Two of the five involve medical conditions, *i.e.*: (i) the defendant is suffering from a terminal illness; or (ii) the defendant is suffering from a serious physical or medical condition, or serious functional or cognitive impairment, or deteriorating physical or mental health due to the ageing process, that substantially diminishes the defendant's ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). The next two categories relate to defendants over 65 and defendants with particular grave family circumstances, respectively; they are not applicable to the instant Motion.

As for the last of the five categories (sometimes referred to as the "catchall" category) the Application Note describes it as encompassing the situation where, "*[a]s determined by the Director of the Bureau of Prisons*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1(D) (emphasis added). The italicized language raises an issue that has divided the courts: does a district court have the authority to grant compassionate release under the catchall provision based on "other" extraordinary and compelling reasons—*i.e.*, extraordinary and compelling reasons existing in the defendant-movant's case that are not within the scope of U.S.S.G. § 1B1.13 Application Note 1(A), 1(B), or 1(C)—not advanced (or "determined," as the catchall provision puts it) by the Director of BOP? The undersigned previously has taken a position on this issue, answering the question in the negative. *See United States v. Medlin*, Case No. 3:09-cr-00204-1, Doc. No. 105 (M.D. Tenn. May 7, 2020). The question remains a debatable one, but the Court adheres to its prior ruling, holding that where (as here) the Director of BOP has not determined that any such "other" reasons exist in the defendant's case,

compassionate release for that defendant cannot be predicated on "other" extraordinary and compelling reasons under the catchall provision.

As indicated above, the Court first must determine whether "extraordinary and compelling reasons" exist for Defendant's compassionate release under the standards set forth by U.S.S.G. § 1B1.13 and its application note. Defendant bears the burden to show that extraordinary and compelling reasons exist warranting his release. *United States v. Shabudin*, No. 11-CR-00664-JSW-1, --- F. Supp. 3d ----, 2020 WL 2464751, at *3 (N.D. Cal. May 12, 2020); *United States v. Crouch*, No. 5:19-CR-00029-TBR, 2020 WL 1963781, at *3 (W.D. Ky. Apr. 23, 2020) ("[Defendant's] circumstances do not meet the burden of extraordinary and compelling.").

Here, Defendant is far from meeting his burden to demonstrate extraordinary and compelling reasons for release. Defendant points to no medical condition other than the cataract in his one eye. His cataract would suffice to indicate "extraordinary and compelling reasons" only if it means that Defendant is suffering from a serious physical or medical condition, or serious functional or cognitive impairment, or deteriorating physical or mental health due to the ageing process, that substantially diminishes the defendant's ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). But in fact it indicates no such thing. Defendant does not explain, and the Court cannot see how, his cataract places him at a heightened risk of: (1) contracting COVID-19; or (2) a poor outcome if he were to contract COVID-19. Moreover, Defendant's cataract does not appear to be a condition from which Defendant is not expected to recover; to the contrary,

implicit in his motion is the expectation that his cataract (and the [temporary] blindness allegedly resulting from it) will be resolved via surgery.[7]

Accordingly, Defendant fails to show that he is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health due to the ageing process, that substantially diminishes Defendant's ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Defendant thus fails to show the extraordinary and compelling reasons required for the Court to modify his sentence.[8] For these reasons, the Motion (Doc. No. 45) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[7] To the extent that the Motion is based on the premise that Defendant will, if released, receive surgery that is more prompt and/or effective than the surgery he would receive in BOP custody, that premise is entirely unsupported by the Motion. The Court has no basis to conclude that Defendant would receive quicker or better surgery if released, and in any event this possibility would not constitute extraordinary and compelling reasons for compassionate release.

[8] For this reason, it is unnecessary for the Court to address whether Defendant would be a danger to others or the community if released or whether the Section 3553(a) factors support his compassionate release.