IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 3:19-cr-00064 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| | ) | |
| JAMES LESTER KIMBRELL | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's "Amended Pro Se Motion" (Doc. No. 47, "Motion"), whereby Defendant asks the Court to consider his request for a modification of his 8-month sentence "de novo." The Court will construe the Motion as a motion to reconsider the Court's prior Order (Doc. No. 46) denying Defendant's motion to modify sentence brought pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 45). In support of the Motion, Defendant raises the same grounds he raised in his originally filed motion to modify sentence—*i.e.*, the ongoing COVID-19 pandemic and his need to have surgery to remove a cataract in one eye that, according to Defendant, has blinded him in that eye.

As the Court explained in its prior Order (Doc. No. 46), to grant Defendant the relief he seeks, the Court first must determine whether "extraordinary and compelling reasons" exist for Defendant's compassionate release under the standards set forth by U.S.S.G. § 1B1.13 and its application note. Application Note 1 to U.S.S.G. § 1B1.13 identifies five categories of situations where such extraordinary and compelling reasons may be found to exist. Defendant invokes one of the five categories—*i.e.*, that the defendant is suffering from a serious physical or medical condition, or serious functional or cognitive impairment, or deteriorating physical or mental health due to the ageing process, that substantially diminishes the defendant's ability to provide self-care

within the environment of a correctional facility and from which he is not expected to recover. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). Defendant bears the burden to show that extraordinary and compelling reasons exist warranting his release. *United States v. Shabudin*, No. 11-CR-00664-JSW-1, --- F. Supp. 3d ----, 2020 WL 2464751, at *3 (N.D. Cal. May 12, 2020); *United States v. Crouch*, No. 5:19-CR-00029-TBR, 2020 WL 1963781, at *3 (W.D. Ky. Apr. 23, 2020) ("[Defendant's] circumstances do not meet the burden of extraordinary and compelling.").

The Court previously found that "Defendant is far from meeting his burden to demonstrate extraordinary and compelling reasons for release" because Defendant did "not explain, and the Court [could] see how, his cataract places him at a heightened risk of: (1) contracting COVID-19; or (2) a poor outcome if he were to contract COVID-19." (Doc. No. 46 at 6). Moreover, the Court noted that "Defendant's cataract does not appear to be a condition from which Defendant is not expected to recover; to the contrary, implicit in his motion is the expectation that his cataract (and the [temporary] blindness allegedly resulting from it) will be resolved via surgery." (*Id*. at 6-7). In the instant Motion, Defendant failed to present new evidence or argument that would change the Court's opinion on these matters. Additionally, and significantly, Defendant's release date is scheduled for September 3, 2020; thus, he will be released from BOP custody in a mere two weeks, in any event. Accordingly, Defendant's Motion does not change the Court's view that Defendant fails to show the extraordinary and compelling reasons required for the Court to modify his sentence. For these reasons, the Motion (Doc. No. 47) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE